Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DANY OTONIEL CUMES, on behalf of himself, and others similarly situated,

   Plaintiff,

-against-

SHAM 525, INC. dba DAR 525, located at 525 Grand Street, Brooklyn, New York 11211; DAR 168, Inc., *dba* DAR 525, located at 168 Driggs Avenue, Brooklyn, New York 11222, *and* JOUHAN DAOUD, *and* MESSAOUD OUECHTATI, *individually*,

   Defendants.

Case No.: 22 CV 1656

**COMPLAINT in an FLSA ACTION**

ECF Case

Jury Trial Demand

---

Plaintiff, Dany Otoniel Cumes (hereinafter, "Plaintiff"), on behalf of himself, and others similarly situated, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Sham 525, Inc. *dba* DAR 525, located at 525 Grand Street, Brooklyn, NY 11211 (herein referred to as, "DAR 525 in Williamsburg"); DAR 168, Inc. *dba* DAR 525, located at 168 Driggs Avenue, Brooklyn, NY 11222 (herein referred to as, "DAR 525 in Greenpoint"); and Jouhan

Daoud and Messaoud Ouechtati, individually (all defendants, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Dany Otoniel Cumes , alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Dany Otoniel Cumes , further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked a spread in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Kings County, New York.

6. Defendant, Sham 525, Inc. *dba* DAR 525 is a domestic business entity, organized and existing under the laws of the State of New York, with a principal place of business at 525 Grand Street, in the Williamsburg section of Brooklyn, New York.

7. Defendant, DAR 168, Inc. *dba* DAR 525, is a domestic business entity, organized and existing under the laws of the State of New York, with a principal place of business at 168 Driggs Avenue, in the Greenpoint section of Brooklyn, New York.

8. Upon information and belief, Defendant, Jouhan Daoud, is an owner, general manager, officer, director and/or managing agent of DAR 525 in Williamsburg and DAR 525 in Greenpoint, whose address is unknown at this time and who participated in the day-to-day operations of DAR 525 in Williamsburg and DAR 525 in Greenpoint, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with DAR 525 in Williamsburg and DAR 525 in Greenpoint.

9. Upon information and belief, Defendant, Messaoud Ouechtati, is an owner, general manager, officer, director and/or managing agent of DAR 525 in Williamsburg and DAR 525 in Greenpoint, whose address is unknown at this time and who participated in the day-to-day operations of DAR 525 in Williamsburg and DAR 525 in Greenpoint, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with DAR 525 in Williamsburg and DAR 525 in Greenpoint.

10. The individual defendants, Jouhan Daoud and Messaoud Ouechtati, both exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11. Defendant, Jouhan Daoud, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid. He is present in the restaurants on a daily basis and personally directs the work of his employees, including Plaintiff. He personally hired Plaintiff, and paid Plaintiff on a weekly basis.

12. Defendant Messaoud Ouechtati is a business partner of Jouhan Daoud, who exercised sufficient control over DAR 525 in Williamsburg and DAR 525 in Greenpoint's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law.

13. Plaintiff, Dany Otoniel Cumes, was employed by Defendants in Kings County, New York, to work as a food preparer, cleaner, dishwasher, delivery person, and general helper, for Defendants' Mediterranean restaurants known as "DAR 525", located in the Williamsburg and Greenpoint neighborhoods in Brooklyn, respectively, continuously beginning in or around June 2015 and ending on or about March 19, 2022.

14. At all relevant times, DAR 525 in Williamsburg and DAR 525 in Greenpoint, were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

15. Defendant, DAR 525 in Williamsburg, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

16. Defendant, DAR 525 in Greenpoint, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

17. At all relevant times, the work performed by Plaintiff, Dany Otoniel Cumes, was directly essential to the businesses operated by defendants.

18. At all relevant times, Plaintiff was paid entirely in cash.

19. Plaintiff worked for both restaurants in Brooklyn, and directly for Jouhan Daoud and Messaoud Ouechtati, for approximately seven (7) years.

20. The defendant corporations are owned, operated, and controlled by the individual defendants Jouhan Daoud and Messaoud Ouechtati.

21. Plaintiff was paid once weekly for five (5) "shifts"; he and other similarly situated employees were assigned work at both restaurants.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

23. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Dany Otoniel Cumes lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

24. Although DAR 525 in Williamsburg and DAR 525 in Greenpoint are separate corporations and business entities, they engage in related activities, namely, operating restaurants in the Williamsburg and Greenpoint neighborhoods in Brooklyn, respectively. The corporations shared Plaintiff, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

25. The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

26. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

27. The corporate defendants share a common commercial business purpose, namely, operating nearly identical Mediterranean restaurants.

28. Upon information and belief, an arrangement existed between the corporate defendants whereby both entities agreed to share the services of Plaintiff and other similarly situated employees.

29. Upon information and belief, the corporate defendants, doing business as, DAR 525 in Williamsburg and DAR 525 in Greenpoint, respectively, shared control of Plaintiff.

30. Plaintiff, Dany Otoniel Cumes, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

31. In mid 2015, Plaintiff, Dany Otoniel Cumes, was hired by Defendants to work as a food preparer / general helper, dishwasher and cleaner, and delivery person, at Defendants' restaurants known as "Dar 525" located at 525 Grand Avenue and 168 Driggs Avenue, in Brooklyn, New York.

32. Plaintiff worked for the defendants continuously, between 2015 and March 19, 2022.

33. Plaintiff Dany Otoniel Cumes, was assigned to work, and did work, at both locations of the restaurant, each week.

34. Throughout his employment, Plaintiff generally worked five (5) shifts per week, typically three (3) at one location and two (2) at the other. His usual shift was noon to midnight (twelve (12) hours), five (5) shifts per week.

35. As described, Plaintiff worked a total of approximately sixty (60) hours per week.

36. Plaintiff did not punch a time clock or otherwise record his hours when he began and ended work, at either location.

37. During most of his employment, Plaintiff's rate of pay was ninety dollars ($90.00) per day.

38. During the last six (6) months of his employment, Plaintiff's rate of pay was increased to one hundred dollars ($100.00) per day.

39. Plaintiff was not given an extra hour of pay at the New York State minimum rate, when he worked a spread in excess of ten (10) hours, which occurred five (5) days per week.

40. Plaintiff was not paid any wages for his last week of work; and he was forced to give a "deposit" to the employer for four (4) days of work, which the employer still holds.

41. Defendants knowingly and willfully operated their business with a policy of not paying wages to Plaintiff for all hours worked.

42. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), for all hours worked in excess of forty (40) each week, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and others similarly situated.

44. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

45. Plaintiff was paid below minimum wage and he was not paid "time and a half" the New York State minimum wage for overtime hours worked (*i.e.*, hours in excess of forty (40) per week).

46. Defendant, Jouhan Daoud, is an individual who, upon information and belief, owns the stock of DAR 525 in Williamsburg and DAR 525 in Greenpoint, owns DAR 525 in Williamsburg and DAR 525 in Greenpoint, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

47. Defendant, Messaoud Ouechtati, is an individual who, upon information and belief, owns the stock of DAR 525 in Williamsburg and DAR 525 in Greenpoint, owns DAR 525 in Williamsburg and DAR 525 in Greenpoint, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

48. The restaurant did not close due to the Covid-19 pandemic; Plaintiff continued to work, every week.

49. Plaintiff was told that he would be paid a daily salary; his pay was not based upon working hours and did not vary when he was required to stay longer than his usual schedule; Plaintiff stayed at the restaurant after close, to clean.

50. Throughout his employment Plaintiff was paid a salary for his daily working hours, and was not paid an hourly wage or an overtime premium when he worked more than forty (40) hours per week, which was every week he worked. Plaintiff was paid by cash.

51. Work performed above forty (40) hours per week was not paid at time and one-half the New York State minimum rate of pay as required by state and federal law.

52. Plaintiff and other similarly situated employees were not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

53. Plaintiff was not given any accounting of his hours and pay.

54. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

55. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, and other similarly situated employees, for work performed over forty (40) hours in a workweek.

56. Plaintiff was paid by cash and not provided with a wage statement.

57. Plaintiff was not paid for all hours worked.

58. Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped

employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiff, the proper minimum wages afforded to tipped employees, and (iii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of their working hours each workday.

59. Because his employers did not keep track of Plaintiff's start and end times on a daily basis, records maintained by the Defendants regarding the hours and pay of Plaintiff may be inaccurate or false.

60. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

61. Plaintiff was paid by cash, and he worked directly for the corporate and individual Defendants.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

62. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

65. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

66. Plaintiff Dany Otoniel Cumes, worked hours for which he was paid no wages.

67. Plaintiff was entitled to be paid at the rate of time and one-half his regular rate of pay, for all hours worked in excess of forty (40) hours per week, pursuant to the FLSA.

68. At relevant times as stated herein, Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

69. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

70. Defendants knowingly disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, for all hours worked, and at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40)

hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure him.

71. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

72. Defendants failed to properly disclose or apprise Plaintiff, Dany Otoniel Cumes, of his rights under the FLSA.

73. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

74. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

75. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

76. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "75" of this Complaint as if fully set forth herein.

77. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

78. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him wages for all hours worked.

79. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

80. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to him, for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

81. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages and minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

82. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83. Upon information and belief, Defendant's practices were intended to, and did in fact, disguise the actual number of hours the employee worked, and designed to avoid paying for him full hours worked; and, all overtime due.

84. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

85. Plaintiff was not provided with a proper, written wage notice, as required by law.

86. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

87. Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

88. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Dany Otoniel Cumes, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated: New York, New York
       March 25, 2022

Respectfully submitted,

By: _____
    Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED

To:   Jouhan Daoud
      Messaoud Ouechtati

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Dany Otoniel Cumes intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Sham 525 Inc. and DAR 168, Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporations within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       March 25, 2022

Respectfully submitted,

By: _____
    Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Dany Otoniel Cumes__, am an employee currently or formerly employed by __Dar 525__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__March 25__, 2022